UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | | |
|---|---|---|
| **KIMBERLY D. MALONE** | ) | **CIVIL ACTION NO: 21-cv-03882** |
| | ) | |
| **VERSUS** | ) | **JUDGE DOUGHTY** |
| | ) | |
| **LOUIS DEJOY, POSTMASTER GENERAL OF THE UNITED STATES and UNITED STATES POSTAL SERVICE** | ) ) ) | **MAGISTRATE JUDGE MCCLUSKY** |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

## TABLE OF CONTENTS

**Page(s)**

I. INTRODUCTION AND SUMMARY OF THE ARGUMENT ..........................................1

II. FACTS AND PROCEDURAL BACKGROUND..............................................................2

III. LEGAL AUTHORITY .......................................................................................................4

    A) Summary Judgment Standard of Review.....................................................................4

    B) Title VII ........................................................................................................................5

IV. ARGUMENT......................................................................................................................8

    A) Malone has no probative evidence to establish a *prima facie* case of discrimination or hostile work environment ...................................................................8

    B) Plaintiff cannot establish a *prima facie* retaliation claim............................................10

    C) Plaintiff Cannot Rebut the Defendant's Legitimate Reasons For Its Actions .............12

V. CONCLUSION..................................................................................................................13

# TABLE OF AUTHORITIES

## Federal Cases

Page(s)

*Alack v. Beau Rivage Resorts, Inc.*,
   286 F. Supp. 2d 771 (S.D. Miss. 2003) .................................................................. 10-11

*Albertson v. T.J. Stevenson & Co.*,
   749 F.2d 223 (5th Cir. 1984) ..................................................................................... 6

*Aly v. City of Lake Jackson*,
   605 F. App'x 260 (5th Cir. 2015) ............................................................................ 11

*Anderson v. Liberty Lobby, Inc.*,
   477 U.S. 242 (1986) ............................................................................................ 5, 6

*Bauer v. Albemarle Corp.*,
   169 F.3d 962 (5th Cir. 1999) ..................................................................................... 9

*Bodenheimer v. PPG Indutries, Inc.*,
   5 F.3d 955 (5th Cir. 1993) ......................................................................................... 5

*Broadway v. United States Dep't of Homeland Sec.*,
   2006 WL 2460752 (E.D. La. Aug. 22, 2006) ........................................................... 7

*Burlington Northern and Santa Fe Ry. Co. v. White*,
   548 U.S. 53 (2006) ................................................................................................... 12

*Campbell v. Zayo Grp., L.L.C.*,
   656 F. App'x 711 (5th Cir. 2016) ............................................................................ 13

*Celotex Corp. v. Catrett*,
   477 U.S. 317 (1986) ................................................................................................... 4

*Duffy v. Leading Edge Prods., Inc.*,
   44 F.3d 308 (5th Cir. 1995) ....................................................................................... 6

*Forsyth v. Barr*,
   19 F.3d 1527 (5th Cir. 1994) ..................................................................................... 5

*Gordon v. Acosta Sales & Mktg., Inc.*,
   622 F. App'x 426 (5th Cir. 2015) ............................................................................ 10

*Grimes v. Tex. Dep't of Mental Health & Mental Retardation*,
   102 F.3d 137 (5th Cir. 1996) ................................................................................... 10

*Harris-Childs v. Medco Health Solutions, Inc.*,
   169 F. App'x 913 (5th Cir. 2006) ............................................................................ 10

*Jackson v. Honeywell Int'l, Inc.*,
   601 F. App'x 280 (5th Cir. 2015) ............................................................................ 13

# TABLE OF AUTHORITIES

## Federal Cases (continued)

Page(s)

*Lawrence v. Fed. Home Loan Mortg. Corp.*,
   808 F.3d 670 (5th Cir. 2015) ........................................................................................ 13

*Laxton v. Gap, Inc.*,
   333 F.3d 572 (5th Cir. 2003) .......................................................................................... 7

*Love v. Motiva Enters. LLC*,
   349 F. App'x 900 (5th Cir. 2009) ................................................................................. 11

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*,
   475 U.S. 574 (1986) ....................................................................................................... 5

*McCoy v. City of Shreveport*,
   492 F.3d 551 (5th Cir. 2007) ................................................................................. 5, 6, 8

*McDonnell Douglas Corp. v. Green*,
   411 U.S. 792 (1973) ....................................................................................................... 5

*Paul v. Elayn Hunt Corr. Ctr.*,
   666 F. App'x 342 (5th Cir. 2016) ................................................................................. 10

*Pegram v. Honeywell, Inc.*,
   361 F.3d 272 (5th Cir. 2004) .......................................................................................... 9

*Perez v. Tex. Dep't of Criminal Justice*,
   395 F.3d 206 (5th Cir. 2004) .......................................................................................... 9

*Pete v. City of Houston*,
   719 F. App'x 334 (5th Cir. 2018) ................................................................................. 10

*Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*,
   810 F.3d 940 (5th Cir. 2015) ........................................................................................ 12

*Price v. Fed. Express*,
   283 F.3d 715 (5th Cir. 2002) .......................................................................................... 7

*Reeves v. Sanderson Plumbing Prods., Inc.*,
   530 U.S. 133 (2000) ................................................................................................... 7, 8

*Scott v. Harris*,
   550 U.S. 372 (2007) ....................................................................................................... 6

*Simmons v. Lyons*,
   746 F.2d 265 (5th Cir. 1984) .......................................................................................... 5

*Smith v. Aaron's Inc.*,
   325 F. Supp. 2d 716 (E.D. La. 2004) ............................................................................. 7

## TABLE OF AUTHORITIES

### Federal Cases (continued)

Page(s)

*Smith v. City of Jackson, Miss.*,
   351 F.3d 183 (5th Cir. 2003) ............................................................................................ 9

*St. Mary's Honor Ctr. v. Hicks*,
   509 U.S. 502 (1993) .......................................................................................................... 7

*Tex. Dep't of Cmty. Affairs v. Burdine*,
   450 U.S. 248 (1981) .......................................................................................................... 6

*Univ. of Tex. Sw. Med. Ctr. v. Nassar*,
   570 U.S. 338 (2013) ........................................................................................................ 10

### Federal Statute

42 U.S.C. § 2000e–2(a) ............................................................................................................ 5

### Federal Rule

FED. R. CIV. P. 56(a) .............................................................................................................. 4

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **KIMBERLY D. MALONE** ) | **CIVIL ACTION NO: 21-cv-03882** |
| ) | |
| **VERSUS** ) | **JUDGE DOUGHTY** |
| ) | |
| **LOUIS DEJOY, POSTMASTER** ) | **MAGISTRATE JUDGE MCCLUSKY** |
| **GENERAL OF THE UNITED STATES** ) | |
| **and UNITED STATES POSTAL SERVICE** ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

**MAY IT PLEASE THE COURT:**

    **I.    INTRODUCTION AND SUMMARY OF THE ARGUMENT**

Plaintiff, Kimberly Malone, sued her employer, the United States Postal Service (USPS), asserting claims for race discrimination, harassment and retaliation. For the reasons discussed in more detail below, Plaintiff cannot establish the essential elements of her *prima facie* race discrimination and harassment claim or her retaliation claim.

Plaintiff fails to plead sufficient facts that, when taken as true, would be capable of establishing a *prima facie* case of disparate treatment discrimination or harassment. Nor does it set forth any facts likely to show that the Postal Service's legitimate, nondiscriminatory actions are pretexts for intentional discrimination. Plaintiff, a Caucasian, presents no direct evidence that the events at issue in her Complaint were motivated by disparate treatment discrimination on the basis of her stated purviews. In terms of circumstantial evidence, her Complaint lacks plausible facts to support any inference of racial discrimination, harassment or retaliation.

1

Further, even if Malone does establish a *prima facie* case of disparate treatment, the Postal Service articulates legitimate, nondiscriminatory explanations for its actions. Defendant investigated Plaintiff's concerns about her co-workers and determined that no policies or regulations were violated. Additionally, it is clear that Defendant separated Plaintiff, a non-career, temporary COVID-19 backfill employee from her temporary appointment at the Monroe Post Office because (a) the unit was over budget on allotted hours and the only way to reduce those hours was to reduce temporary personnel in accordance with the applicable MOUs; (b) employees were returning to duty from the pandemic, thereby alleviating the need for temporary workers; and (c) mail volume was declining, thereby alleviating the need for temporary workers.

## II.    FACTS AND PROCEDURAL BACKGROUND

Plaintiff is Caucasian and her claims arise from her temporary employment at the Monroe Post Office from April 13, 2020 through July 27, 2020. (Gvmt Ex. A, Plaintiff's SF-50s). At that time, Sharon Williams, African-American, was the Postmaster of the Monroe Post Office in Monroe, Louisiana, and she had served in that position since approximately 2008. (Gvmt Ex. C, Declaration of Sharon Williams).

Due to the COVID-19 pandemic in 2020, the Monroe Post Office had a special need for temporary workers due to increased employee absences caused by the pandemic and corresponding liberal leave policies. This temporary position was titled "Clerk Assistant (E6-07)" and anyone hired in this position was to be used as a temporary support employee for the purpose of COVID-19 work during the exception period only. (Gvmt Ex. B, Clerk Assistant Job Description; Gvmt Ex. E, MOU between USPS and American Postal Workers Union, AFL-CIO). Postmaster Williams was not responsible for hiring at the Monroe Post Office at all, including the hiring of clerk assistants on temporary appointments. (Gvmt Ex. C; Gvmt Ex. D, Deposition of

2

William R. Waldroup, p. 15, line 25, p. 16, lines 1-8). During her time in the temporary clerk assistant position, Plaintiff was assigned to the Monroe Post Office. (Gvmt Ex. C). At the time of her appointment in April 2020, there was no expectation that she would be employed in that position beyond her appointment expiration date on May 25, 2020.

Plaintiff was the only Clerk Assistant hired for a COVID-19 backfill position at the Monroe Post Office. (Gvmt Ex. C). At the time her appointment ended, the Monroe Post Office was over budget on hours by two employees. Consequently, the Postmaster was required to cut two temporary employees to stay within her budget. Plaintiff was one of those temporary employees who was released. No one was hired to replace Plaintiff and the Monroe Post Office never had any other Clerk Assistants hired for a COVID-19 backfill position. (Gvmt Ex. C).

In accordance with the collective bargaining agreement, management has the exclusive right to direct employees in the performance of their official duties and to determine the methods, means, and personnel by which postal operations are to be conducted. (Gvmt Ex. F, Arbitration Proceedings and Collective Bargaining Agreement, USPS). During her short tenure at the Monroe Post Office, Plaintiff engaged in disputes with her co-workers and informed management that she did not wish to work with certain of her co-workers. Plaintiff's complaints limited management's ability to utilize her in the workplace. (Gvmt Ex. C).

Plaintiff's complaints were investigated by management at the Monroe Post Office and it was determined that no policies or regulations were violated. (Gvmt Ex. C). William R. "Rich" Waldroup, Caucasian, was another supervisor at the time Plaintiff was at the Monroe Post Office, and he was not aware of any racial issues at the Monroe Post Office. (Gvmt Ex. D, p. 20, lines 2-4). Neither was Royce Reppond, the union shop steward at that time. (Gvmt Ex. G, Deposition of Royce Reppond, p. 13, lines 13-19).

3

Plaintiff was separated from her temporary appointment as a Clerk Assistant at the Monroe Post Office on or about July 27, 2020 due to lack of work. (Gvmt Ex. A). Postmaster Williams separated Plaintiff from her temporary appointment at the Monroe Post Office because the unit was over budget on allotted hours and the only way to reduce those hours was to reduce temporary personnel in accordance with the applicable MOUs, because employees were returning to duty from the pandemic, thereby alleviating the need for temporary workers; and because mail volume was declining, thereby alleviating the need for temporary workers. Plaintiff was the only COVID-19 backfill employee and her position was never filled by anyone else. Plaintiff did not make a complaint to EEO until she submitted her EEO forms on July 27, 2020, after she was separated from the USPS. (Gvmt Ex. H, Deposition of Kimberly Malone, p. 48, lines 1-10). Her supervisors learned of the complaint after Malone was already separated from the USPS.

### III.   LEGAL AUTHORITY

**A) Summary Judgment Standard of Review**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial burden of identifying those portions of the pleadings, the discovery, and the disclosure materials on file which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986). If the moving party does not bear the burden of proof on a claim or defense, the moving party may discharge its initial burden by showing there is an absence of evidence to support the non-moving party's case. *Id*. at 325.

If the movant meets this burden, the non-movant must designate specific facts showing that a genuine issue for trial exists. *Id*. The non-moving party "must do more than simply show that

4

there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-movant must present affirmative evidence to defeat a properly supported motion for summary judgment, setting forth specific facts showing a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49, 256 (1986). To meet this burden, the non-moving party is "required to identify specific evidence in the record, and to articulate the 'precise manner' in which that evidence support[s] [its] claim." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (citation omitted). Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. *Simmons v. Lyons*, 746 F.2d 265, 269 (5th Cir. 1984). If the record taken as a whole could not lead a rational trier-of-fact to find for the non-moving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co.*, 475 U.S. at 586.

**B) Title VII**

Under Title VII of the Civil Rights Act of 1964, it is unlawful for an employer to discriminate against an employee "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e–2(a).

Initially, the plaintiff must establish a *prima facie* case of discrimination. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Bodenheimer v. PPG Indutries, Inc.*, 5 F.3d 955, 957 (5th Cir. 1993). A plaintiff may prove a claim of intentional discrimination either by direct or circumstantial evidence. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). Circumstantial evidence cases are analyzed under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–03 (1973): Under that framework, the plaintiff must first establish a *prima facie* case of discrimination, which requires a showing that the plaintiff (1) is a member of a protected group; (2) was qualified for the position at issue; (3)

was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group. *McCoy,* 492 F.3d at 556. If the plaintiff successfully establishes a *prima facie* case under the *McDonnell Douglas* framework, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory reason for its employment action. *Id*. at 557. "The employer's burden is only one of production, not persuasion, and involves no credibility assessment." *Id*. If the employer meets its burden of production, the ultimate burden shifts back to the plaintiff who must then prove that the employer's proffered reason is merely a pretext for a real discriminatory purpose. *Id.* To meet his burden, "the plaintiff must rebut each nondiscriminatory . . . reason articulated by the employer." *Id*. The plaintiff retains the ultimate burden of persuasion throughout the case. *Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 256 (1981).

The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *Anderson*, 477 U.S. at 247–48. Moreover, "[w]hen opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment." *Scott v. Harris*, 550 U.S. 372, 380 (2007). Although the court must resolve all factual inferences in favor of the nonmovant, the nonmovant cannot manufacture a disputed material fact where none exists. *Albertson v. T.J. Stevenson & Co*., 749 F.2d 223, 228 (5th Cir. 1984). Nor can the non-movant rely on conclusory allegations unsupported by concrete and particular facts. *Duffy v. Leading Edge Prods., Inc*., 44 F.3d 308, 312 (5th Cir. 1995).

If a *prima facie* case is present, a presumption of retaliation/discrimination arises and the burden then shifts to the employer to produce a legitimate, nondiscriminatory reason for the alleged adverse employment action. *Broadway v. United States Dep't of Homeland Sec.*, 2006 WL 2460752, *3 (E.D. La. Aug. 22, 2006). "Defendant's burden is one of production, not persuasion..." *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 142 (2000). Thus, a defendant must merely set forth, through admissible evidence, reasons for its actions which, if believed by the trier of fact, would support a finding that unlawful discrimination was not the cause of the employment action. *St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 507 (1993). This causes the presumption of discrimination to dissipate. *Smith v. Aaron's Inc.*, 325 F. Supp. 2d 716, 724 (E.D. La. 2004).

In the third stage of the burden-shifting framework, the plaintiff is given a "full and fair opportunity to demonstrate" that the defendant's proffered reason is a pretext for intentional discrimination. *Price v. Fed. Express*, 283 F.3d 715, 721 (5th Cir. 2002) (*citing Hicks*, 509 U.S. at 507-08). On summary judgment, in this third step [of *McDonnell Douglas*], the plaintiff must substantiate his claim of pretext through evidence demonstrating that discrimination lay at the heart of the employer's decision. *Price*, 283 F.3d at 721. "To carry this burden, plaintiff must produce substantial evidence indicating that the proffered legitimate nondiscriminatory reason is a pretext for discrimination." *Laxton v. Gap, Inc.*, 333 F.3d 572, 578 (5th Cir. 2003), *citing Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 143 (2000). The plaintiff must rebuff each nondiscriminatory reason articulated by the employer. *Id.* A plaintiff may establish pretext either through evidence of disparate treatment or by showing that the employer's proffered explanation is false or "unworthy of credence." *Id.*

Even when such a showing is made, however, it will not always be enough to prevent summary judgment if no rational factfinder could conclude that the action was discriminatory.[1] Whether summary judgment is appropriate depends on numerous factors, including the strength of the plaintiff's *prima facie* case, the probative value of the proof that the employer's explanation is false, and any other evidence that supports the employer's case and that properly may be considered. *Id.*

### IV.   ARGUMENT

**A) Malone has no probative evidence to establish a *prima facie* case of discrimination or hostile work environment.**

Malone cannot establish a *prima facie* case of race discrimination. Malone, who was separated from her Clerk Assistant position, alleges that her employer discriminated and/or retaliated against her based on her race. (Doc. 1). To establish a *prima facie* claim of race discrimination, a plaintiff must show that: (1) she is a member of a protected group; (2) she was qualified for the position at issue; (3) she suffered an adverse employment action; and (4) was replaced by someone outside her protected group or was treated less favorably than other similarly situated employees. *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007).

Malone cannot establish at least one element of a *prima facie* case of discrimination—that other similarly-situated employees were treated more favorably (Title VII). To establish a *prima*

---

[1] *Id.* (*citing Reeves*, 530 U.S. at 148). *Reeves* further explained:
> The ultimate question is whether the employer intentionally discriminated, and proof that the employer's proffered reason is unpersuasive, or even obviously contrived, does not necessarily establish that the plaintiff's proffered reason...is correct. In other words, it is not enough...to disbelieve the employer; the factfinder must believe the plaintiff's explanation of intentional discrimination. ***Certainly there will be instances where, although the plaintiff has established a *prima facie* case and set forth sufficient evidence to reject the defendant's explanation, no rational factfinder could conclude that the action was discriminatory. For instance, an employer would be entitled to judgment as a matter of law if the record conclusively revealed some other, nondiscriminatory reason for the employer's decision, or if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred.... 530 U.S. at 146-48 (internal citations omitted).

8

*facie* case of disparate treatment under Title VII, a plaintiff must show that he was treated less favorably than similarly situated employees. *See, Perez v. Tex. Dep't of Criminal Justice*, 395 F.3d 206, 210 (5th Cir. 2004) (Title VII); *Smith v. City of Jackson, Miss.*, 351 F.3d 183, 196 (5th Cir. 2003) (ADEA). To be "similarly situated," the circumstances of plaintiff and the comparators must be more than similar; they must be "nearly identical" from the perspective of the employer at the time of the relevant employment decision. *Perez*, 395 F.3d at 210.

Plaintiff proffers no comparators at all, let alone a similarly situated one outside her protected class who was treated more favorably. Plaintiff was the only Clerk Assistant hired for the Monroe Post Office as a COVID-19 backfill. In support of all of her claims in this matter, Plaintiff offers her own subjective belief and conclusory statements that she was discriminated against because of her race. With no comparator and no evidence beyond her own subjective beliefs, Plaintiff's claim fails. *Bauer v. Albemarle Corp.,* 169 F.3d 962, 967 (5th Cir. 1999).

Further, Plaintiff was hired as a temporary employee whose original end date for her appointment was May 25, 2020. The Fifth Circuit maintains a "strict interpretation of the adverse employment element of [the] *prima facie* intentional discrimination case." *Pegram v. Honeywell, Inc.,* 361 F.3d 272, 282–84 (5th Cir. 2004). Further, pursuant to Title VII, "an employment action that 'does not affect job duties, compensation, or benefits' is not an adverse employment action. Rather, an adverse employment action consists of *'ultimate employment decisions* such as hiring, granting leave, discharging, promoting, and compensating.'" *Id*. at 282. Plaintiff knew, when she was hired, that this was going to be a temporary position and was subject to end either at the original date or some later date based on the need for someone to fill in for employees during the pandemic. Plaintiff's SF-50 clearly states that her position was eliminated due to lack of work and as a temporary employee who was only there to help with the extra work, that does not amount to

9

an adverse action. As such, Plaintiff cannot maintain an action for discrimination or hostile work environment on this basis either.

### B) Plaintiff cannot establish a *prima facie* retaliation claim.

To establish a *prima facie* case of retaliation, a plaintiff must show that: (1) she engaged in protected activity; (2) she suffered an adverse employment action, and (3) there is a causal link between the protected activity and the adverse action. *Paul v. Elayn Hunt Corr. Ctr.*, 666 F. App'x 342, 345 (5th Cir. 2016). To avoid summary judgment, a plaintiff alleging retaliation must show "the evidence, taken as a whole: (1) creates a fact issue as to whether each of the employer's stated reasons was not what actually motivated the employer and (2) creates a reasonable inference that [retaliation was the "but-for" factor] in the actions of which plaintiff complains." *Grimes v. Tex. Dep't of Mental Health & Mental Retardation,* 102 F.3d 137, 141 (5th Cir. 1996). When, as here, the Plaintiff fails to meet this burden, the Court should grant summary judgment to the Defendant.

Plaintiff's retaliation claim as to the ending of her temporary assignment fails because she cannot show but-for causation, i.e., that she would not have been removed from his position "but-for" Sharon Williams' retaliatory animus. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 360 (2013); *Pete v. City of Houston*, 719 F. App'x 334, 340 (5th Cir. 2018).

When employees make complaints about harassment without connecting the employment practices, these complaints do not constitute protected activity. *Gordon v. Acosta Sales & Mktg., Inc.*, 622 F. App'x 426, 431 (5th Cir. 2015) (citing *Harris-Childs v. Medco Health Solutions, Inc.*, 169 F. App'x 913, 916 (5th Cir. 2006))(finding that the appellant had not engaged in a protected activity, even though she complained of unfair treatment/harassment, because she did not demonstrate that she "put the employer on notice that her complaint was based on racial or sexual discrimination"); *Alack v. Beau Rivage Resorts, Inc.*, 286 F. Supp. 2d 771, 775 (S.D. Miss. 2003)

10

("Although express complaints to supervisors about perceived discriminatory practices constitute protected activity, the wide range of protected activity clearly does not include those situations where the opposition relates not to unlawful employment practices but to a personal grievance.").

There is no probative evidence in the record upon which a trier of fact could find that Sharon Williams' decision to end Plaintiff's temporary COVID-19 backfill Clerk Assistant position was motivated by retaliatory animus. Indeed, the evidence shows that Sharon Williams was over her budget at the Monroe Post Office by two employees and that to close this budgetary gap, she had to remove temporary employees. Further, Plaintiff's position was a COVID-19 backfill position and in July 2020, there was no longer a need for a person to backfill any positions at the Monroe Post Office. Employees were returning to work, thereby alleviating the need for temporary workers and the mail volume was declining, also alleviating the need for temporary workers. (Gvmt Ex. A and C). Further, Plaintiff did not make any complaints to the EEO until after she was separated from her position at the USPS. (Gvmt Ex. H).

There is no probative evidence whatsoever to support a retaliatory motive on the part of Sharon Williams and Plaintiff's unsupported speculation as to an alternative motive is insufficient to establish but-for causation. *Aly v. City of Lake Jackson*, 605 F. App'x 260, 262 n.12 (5th Cir. 2015). The record evidence in this case is devoid of any evidence of pretext, let alone the "significant evidence of pretext" required to survive summary judgment. *Love v. Motiva Enters. LLC*, 349 F. App'x 900, 905 (5th Cir. 2009). Therefore, this is another basis to grant Defendant summary judgment on Plaintiff's retaliation claim.

Finally, in order to constitute an adverse employment action for the purposes of a *prima facie* case of retaliation, there must be a "materially adverse" action that is "harmful to the point that [it] could well dissuade a reasonable worker from making or supporting a charge of

discrimination." *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs*, 810 F.3d 940, 945 (5th Cir. 2015). "We speak of material adversity because we believe it is important to separate significant from trivial harms." *Burlington Northern and Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). "The antiretaliation provision protects an individual not from all retaliation, but from retaliation that produces any injury or harm." *Id.* at 67. "Trivial harms," to include, "petty slights, minor annoyances, and simple lack of good manners," do not rise to the level of a materially adverse action." *Id.* at 68. Again, Plaintiff was hired on a temporary basis to fill in for employees out due to the pandemic and to support the increased mail volume. Once those factors were no longer in play, there was no need for a temporary employee, like Plaintiff, to perform these duties. Because Plaintiff was a temporary employee with no expectation that her job would continue beyond May 25, 2020 originally, the ending of her term appointment was not an adverse action.

### C) Plaintiff Cannot Rebut the Defendant's Legitimate Reasons For Its Actions.

Even if Plaintiff met her threshold burden of establishing *prima facie* discrimination or retaliation case, which the Defendant denies, her claims fail because she cannot show the Defendant's legitimate reasons were pretext or otherwise show unlawful discrimination and retaliation were the real reasons for the Defendant's actions. The Defendant has proffered a multitude of legitimate reasons for removing Plaintiff. The Monroe Post Office was over budget by two employees and that to close this budgetary gap, had to remove temporary employees. Further, Plaintiff's position was a COVID-19 backfill position and in July 2020, there was no longer a need for a person to backfill any positions at the Monroe Post Office. Employees were returning to work, thereby alleviating the need for temporary workers and the mail volume was declining, also alleviating the need for temporary workers. (Gvmt Ex. A and C).

12

Plaintiff cannot show that the decision to remove her was motivated by retaliation, or that the Defendant's proffered reason is unworthy of credence, as required to show pretext. *Jackson v. Honeywell Int'l, Inc.*, 601 F. App'x 280, 284 (5th Cir. 2015). Plaintiff's disagreement with the Defendant's actions is insufficient to show pretext. *Campbell v. Zayo Grp., L.L.C.*, 656 F. App'x 711, 716 (5th Cir. 2016). Plaintiff's speculation as to the reasons is, likewise, not probative. *Lawrence v. Fed. Home Loan Mortg. Corp.*, 808 F.3d 670, 673 (5th Cir. 2015) ("A non-movant will not avoid summary judgment by presenting 'speculation, improbable inferences, or unsubstantiated assertions.'"). There is no evidence in the record upon which a reasonable trier-of-fact could infer that the Defendant's reasons for its action were pretext for intentional retaliation. Plaintiff's failure to show the Defendant's reason for removing Plaintiff was false or otherwise rebut the Defendant's reason is fatal to her retaliation claim. Therefore, the Court should grant Defendant's motion for summary judgment on this claim.

## V.    CONCLUSION

**WHEREFORE**, Defendant prays that this Court grant summary judgment in his favor on Plaintiff's claims, that all costs be assessed against Plaintiff, and that the Court grant such other and further relief it deems just and proper.

Respectfully submitted,

BRANDON B. BROWN
United States Attorney

BY:   *s/ Jennifer B. Frederick*
JENNIFER B. FREDERICK (#23633)
Assistant United States Attorney
800 Lafayette Street, Suite 2200
Lafayette, LA  70501
Telephone:   (337) 262-6618
Facsimile:    (337) 262-6693
Email:         jennifer.frederick@usdoj.gov