UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **KIMBERLY D. MALONE** | **JUDGE: DOUGHTY** |
| VS.    21:-CV-03882 | |
| **LOUIS DEJOY, POSTMASTER GENERAL OF THE UNITED STATES** and **UNITED STATES POSTAL SERVICE** | **MAGISTRATE JUDGE: MCCLUSKY** |

___

**MEMORANDUM IN OPPOSITION TO MOTION FOR SUMMARY JUDGEMENT**

___

The Memorandum in opposition to the Motion for Summary Judgment filed herein by defendant respectfully represents that:

I.  Factual Background.

Plaintiff worked for the U. S. Postal service for a total of approximately 26 of service with the USPS, most of which was in Mississippi. Plaintiff was hired on a temporary basis to work in the West Monroe facility of the post office and transferred to the Monroe facility. Upon her arrival Plaintiff discovered that she was the only White employee in her work area. Her work area was for the purpose of sorting packages. Plaintiff soon experienced racial remarks

and adverse treatment by her African American co employees, all non managers.

Plaintiff complained about what she considered racial harassment in the workplace to her shop steward, Royce Reppond and her manager William "Rich" Waldroup to no avail. On July 14, 2020, after a particularly worrisome incident to Plaintiff she informed her supervisor, via text, that because of the racial harassment she was afraid to work in the area without a supervisor being present. Her supervisor informed her that no supervisor would be present and then advised the decision maker, Postmaster Williams, of Plaintiff's complaints. The postmaster immediately took her off the schedule and input a termination process in the post office computer system so that Plaintiff could no longer apply for jobs with the post office. (Malone Depo p34, line 2) Waldroup does not recall telling the Postmaster of the Plaintiffs complaints of racial discrimination but admitted in his deposition that his training in postal service management would require him to do so.

Postmaster Williams has testified in her affidavit that Plaintiff was not replaced but if Plaintiff was not replaced, the work she was doing must have been shifted to co workers who are all African Americans.

Plaintiff's employment was terminated on July 19 2020. Plaintiff filed a timely formal complaint with the US EEO Office of Federal Operations alleging discrimination based on race and retaliation. The EEO proceeding was eventually

terminated by letter dated August 19, 2021, (received on August 24, 2021) by the U. S. Postal Services Notice of Final Action granting to her ninety days right to sue from date of receipt.  Plaintiff filed suit in a timely fashion and the Defendant has filed a Motion for Summary Judgment.

II.  Issues for Decision in the Motion before the Court

    1.  Was the plaintiff treated adversely in the workplace by non management co employees because of her race?

    2.  Did plaintiff report this adverse treatment to management through her shop steward (Reppond) and supervisor ( Waldroup) and request action to be taken?

    3.  Did the decision maker, Postmistress Williams, take Plaintiff off the schedule (i.e. terminate her employment) due to her complaint of racial discrimination or because of "lack of work"?

    4.  Was Plaintiff "replaced" by an employee of a different race?

III.  Argument

This is primarily a retaliation case.  There is little or no dispute about the applicable law but there is a major conflict as to facts and inferences that may be drawn from those facts.

The adverse treatment of Plaintiff in being yelled at, being "disrespected" by co employees and Postmaster Williams, and having boxes thrown at her

because of her race are probably actionable in themselves but that type of low level harassment is just what is expected in a workplace like the sorting dock at a U. S. Postal Service facility.  It would certainly be actionable in other workplaces, and it was certainly discriminatory and wrong, but the Plaintiff was handling the discrimination in a professional way, trying to ignore the silliness of it and reporting it to management for management to handle in due course. Ms. Malone testified in her deposition that this was the kind of behavior that one just learned to ignore and it wasn't right to make a big deal out of every slight. (Depo Malone pp 78-80, 101 and see also consent decree in *USA* v. *City* of *Bastrop*, CV Action 01-0116 Monroe Division, WD LA 2001 for a case with similar factual issues concerning racial harassment in a non office work environment)

      However, Ms. Malone was justifiably afraid at the end of her employment because the main perpetrator of the adverse treatment had "anger management issues" but his actions did not become severe until then. (Malone Depo. p 70-74; Reppond p 9, lines 19-21) Ms. Malone did the right thing as an employee and sought management's help.  If Ms. Malone had been a permanent employee perhaps management would have treated her complaints with greater seriousness and not fired her for the completely pre textual reason of "lack of work" during the Covid 19 period.  The Postmistress changed her reason from dismissal because of "lack of work" to "overstaffing" at some point but the evidence seems clear from

Mr. Waldroup's testimony that overstaffing was not a concern.

The primary proof of causation, that is the connection between Ms. Malone's complaint of racial discrimination/harassment, and her firing is timing. The law is well settled that a trier of fact may infer discriminatory intent from an adverse employment action close in time to a complaint. *Fierros v. Texas Department of Health,* 2001 U.S. App. LEXIS 24953 (5th Cir. Nov. 21, 2001), reversed on other grounds; *Swanson v. GSA* 110 F3d 1180 (5th Cir 1997); *Armstrong v. City of Dallas*, 997 F2d 62 (5th Cir 1993).   Here the adverse employment action was instantaneous. As soon as Ms. Malone reported the racially motivated harassment to her supervisor and he had a conversation with Williams about Malone, Plaintiff was fired.  Her supervisor, Mr. Waldroup, who is now a postmaster himself, developed a selectively bad memory and could not recall telling the Postmaster of the racial aspects of the complaint but he did remember Ms. Malone telling him and admitting that he was trained to tell the postmaster about racial complaints and "possibly" did so.  He also could not remember any racial issues in the workplace. (Waldroup depo pp 8-11; 19-20)
A reasonable trier of fact may infer from his statements that **more likely than not he did tell the Postmistress and more likely than not the Postmistress fired Plaintiff as soon as she heard the complaint.**  He also admitted to Ms. Malone that there were race problems in the workplace. (Malone dep p 97 lines 6-14)  In addition, Postmistress Williams "legitimate non discriminatory reason for dismissal", lack of work, must fail because the post office continued to advertise for help even after Ms. Malone's dismissal.  (Deposition of Malone, pp 31-34)

The defendant argues that the post office had no reason to believe that Plaintiff was complaining of racial harassment in a formal complaint.  This is a disputed fact.  (Malone depo

pp 97)  A formal complaint is not necessary to place an employer on notice of discrimination, magic words are not necessary.  The Plaintiff clearly testified in her deposition that she reported, orally, complaints to Royce Reppond, shop steward, and William Waldroup, her supervisor, but not the Postmistress because of her demeanor and attitude towards Plaintiff. (Malone depo pp 73-79)  It should be left to the jury as to whom to believe.

IV.  Conclusion

    The Motion for Summary Judgement of the defendant should be denied and the case proceed to trial.

                        /s/ J. Michael Rhymes  
                        J. Michael Rhymes #11212  
                        1005 North Third Street  
                        Monroe, LA 71201  
                        318-388-4500 - telephone  
                        jmrhymes@gmail.com - Email  
                        Attorney for Complainant

## CERTIFICATE OF SERVICE

    I certify that on August 16, 2023 a copy of the above Memorandum in Opposition to Motion for Summary Judgement was filed electronically with the Clerk of Court using the CM/ECF system.  Notice of this filing will be sent to Jennifer Frederick by the operation of the court's electronic filing system.

                        S/J. Michael Rhymes  
                        J. Michael Rhymes #11212