# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# MONROE DIVISION

| | | |
|---|---|---|
| **KIMBERLY D. MALONE** | ) | **CIVIL ACTION NO: 21-cv-03882** |
| | ) | |
| **VERSUS** | ) | **JUDGE DOUGHTY** |
| | ) | |
| **LOUIS DEJOY, POSTMASTER** | ) | **MAGISTRATE JUDGE MCCLUSKY** |
| **GENERAL OF THE UNITED STATES** | ) | |
| **and UNITED STATES POSTAL SERVICE** | ) | |

## REPLY MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff, Kimberly Malone, sued her employer, the United States Postal Service (USPS), asserting claims for race discrimination, harassment and retaliation. Defendant filed a Motion for Summary Judgment urging this Court to dismiss Plaintiff's lawsuit because she cannot establish the essential elements of her *prima facie* race discrimination and harassment claim or her retaliation claim. Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment does nothing to change the fact that Plaintiff fails to plead sufficient facts that, when taken as true, would be capable of establishing a *prima facie* case of disparate treatment discrimination or harassment. Nor does it set forth any facts likely to show that the Postal Service's legitimate, nondiscriminatory actions are pretexts for intentional discrimination. Plaintiff, a Caucasian, presents no direct evidence that the events at issue in her Complaint were motivated by disparate treatment discrimination on the basis of her stated purviews. In terms of circumstantial evidence, her Complaint lacks plausible facts to support any inference of racial discrimination, harassment or retaliation. At best, it contains a plethora of Plaintiff's subjective beliefs and unsubstantiated allegations. While all of the evidence must be viewed in a light most favorable to

the motion's opponent, *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 158–59, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970)), neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden, *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir. 1994); *Topalian v. Ehrman,* 954 F.2d 1125, 1131 (5th Cir. 1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322-23 (1986).

Aside from her own subjective beliefs, conclusory allegations and unsubstantiated assertions, Malone cannot establish at least one element of a *prima facie* case of race discrimination—that other similarly-situated employees were treated more favorably (Title VII). As Defendant asserted in its original memorandum, in order for Plaintiff to establish a *prima facie* case of disparate treatment under Title VII, she had to show that she was treated less favorably than similarly situated employees. *Perez v. Tex. Dep't of Criminal Justice*, 395 F.3d 206, 210 (5th Cir. 2004) (Title VII); *Smith v. City of Jackson, Miss.*, 351 F.3d 183, 196 (5th Cir. 2003) (ADEA). To be "similarly situated," the circumstances of plaintiff and the comparators must be more than similar; they must be "nearly identical" from the perspective of the employer at the time of the relevant employment decision. *Perez*, 395 F.3d at 210.

Other than pure speculation that she had to be replaced by all the African American employees at the Monroe Post Office, Plaintiff proffers no comparators at all, let alone a similarly situated one outside her protected class who was treated more favorably. It is clear that Plaintiff was the only Clerk Assistant hired for the Monroe Post Office as a COVID-19 backfill. In support of all of her claims in this matter, Plaintiff offers her own subjective belief and conclusory statements that she was discriminated against because of her race. With no comparator and no

2

evidence beyond her own subjective beliefs, Plaintiff's discrimination claim fails. *Bauer v. Albemarle Corp.,* 169 F.3d 962, 967 (5th Cir. 1999).

Further, Plaintiff admits that she knew that when she was hired, that this was going to be a temporary position and was subject to end either at the original date or some later date based on the need for someone to fill in for employees during the pandemic. Plaintiff's SF-50, attached to Defendant's original motion, clearly states that her position was eliminated due to lack of work and as a temporary employee who was only there to help with the extra work and as such, her removal does not amount to an adverse action. Plaintiff cannot maintain an action for discrimination or hostile work environment on this basis either and nothing she posits in her opposition to this motion proves otherwise.

Plaintiff offers only her own subjective belief that she was removed from the schedule because she complained about racial discrimination and/or harassment. Plaintiff does not dispute that during her short tenure at the Monroe Post Office, she engaged in disputes with her co-workers and informed management that she did not wish to work with certain of her co-workers. Plaintiff's complaints limited management's ability to utilize her in the workplace. (Gvmt Ex. C to Doc. 13).

Plaintiff's complaints were investigated by management at the Monroe Post Office and it was determined that no policies or regulations were violated. (Gvmt Ex. C to Doc. 13). William R. "Rich" Waldroup, Caucasian, was another supervisor at the time Plaintiff was at the Monroe Post Office, and he was not aware of any racial issues at the Monroe Post Office. (Gvmt Ex. D to Doc. 13, p. 20, lines 2-4). Neither was Royce Reppond, the union shop steward at that time. (Gvmt Ex. G to Doc. 13, Deposition of Royce Reppond, p. 13, lines 13-19). Plaintiff does not dispute the fact that all the witnesses testified that there were no complaints of racial discrimination made to the Postmaster by Plaintiff. Instead, Plaintiff implies that witnesses lied under oath about not reporting any complaints of discrimination to the Postmaster as well as the fact that there was no

3

racial issues in the workplace. Again, all Plaintiff offers in response to the motion are her own subjective beliefs and conclusory statements and those are not enough to overcome her burden in this matter.

The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-movant must present affirmative evidence to defeat a properly supported motion for summary judgment, setting forth specific facts showing a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49, 256 (1986). To meet this burden, the non-moving party is "required to identify specific evidence in the record, and to articulate the 'precise manner' in which that evidence support[s] [its] claim." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (citation omitted). Unsupported allegations, conclusory in nature, are insufficient to defeat a proper motion for summary judgment. *Simmons v. Lyons*, 746 F.2d 265, 269 (5th Cir. 1984). If the record taken as a whole could not lead a rational trier-of-fact to find for the non-moving party, there is no genuine issue for trial. *Matsushita Elec. Indus. Co.,* 475 U.S. at 586. Plaintiff simply does not do that in response to Defendant's Motion for Summary Judgment.

With respect to any retaliation claim, there is no probative evidence in the record upon which a trier of fact could find that Sharon Williams' decision to end Plaintiff's temporary COVID-19 backfill Clerk Assistant position was motivated by retaliatory animus. Indeed, the undisputed evidence shows that Sharon Williams was over her budget at the Monroe Post Office by two employees and that to close this budgetary gap, she had to remove temporary employees.

Further, Plaintiff's position was a COVID-19 backfill position and in July 2020, there was no longer a need for a person to backfill any positions at the Monroe Post Office. Employees were returning to work, thereby alleviating the need for temporary workers and the mail volume was declining, also alleviating the need for temporary workers. (Gvmt Ex. A and C to Doc. 13).

Further, Plaintiff did not make any complaints to the EEO until after she was separated from her position at the USPS. (Gvmt Ex. H to Doc. 13).

Plaintiff cannot show that the decision to remove her was motivated by retaliation, or that the Defendant's proffered reason is unworthy of credence, as required to show pretext. *Jackson v. Honeywell Int'l, Inc.*, 601 F. App'x 280, 284 (5th Cir. 2015). Plaintiff cannot prove that she made any claims of discrimination or harassment to the Postmaster. It is clear that Plaintiff's disagreement with the Defendant's actions is insufficient to show pretext. *Campbell v. Zayo Grp., L.L.C.*, 656 F. App'x 711, 716 (5th Cir. 2016). Plaintiff's speculation as to the reason for her removal is, likewise, not probative. *Lawrence v. Fed. Home Loan Mortg. Corp.*, 808 F.3d 670, 673 (5th Cir. 2015) ("A non-movant will not avoid summary judgment by presenting 'speculation, improbable inferences, or unsubstantiated assertions.'"). There is no evidence in the record upon which a reasonable trier-of-fact could infer that the Defendant's reasons for its action were pretext for intentional retaliation. Plaintiff's failure to show the Defendant's reason for removing Plaintiff was false or otherwise rebut the Defendant's reason is fatal to her retaliation claim. Therefore, the Court should grant Defendant's motion for summary judgment on all claims.

    Respectfully submitted,

    BRANDON B. BROWN
    United States Attorney

BY:    *s/ Jennifer B. Frederick*
    JENNIFER B. FREDERICK (#23633)
    Assistant United States Attorney
    800 Lafayette Street, Suite 2200
    Lafayette, LA 70501
    Telephone: (337) 262-6618
    Facsimile: (337) 262-6693
    Email: jennifer.frederick@usdoj.gov